# **<u>EXHIBIT 1</u>**

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss**　　　　　　　　　　　　**SUPERIOR COURT DEPT.**
　　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.:** 20-2206

**LINDA SOAVE,**
　　**Plaintiff**

v.

**HOME DEPOT USA, INC.**
**D/B/A THE HOME DEPOT,**
　　**Defendant**

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 11 2020

CLERK

## **COMPLAINT**

1. On September 14, 2017, the plaintiff, Linda Soave, was, and is at present, a resident of 75 Bishops Forest Drive, Waltham, Middlesex County, Massachusetts 02452.

2. On September 14, 2017, the defendant, Home Depot USA, Inc. d/b/a The Home Depot (hereinafter referred to as "The Home Depot"), was, and based upon information and belief is at present, a company with a principle place of business located at 100 First Avenue, Waltham, Middlesex County, Massachusetts 02451.

3. On September 14, 2017, The Home Depot, owned, managed, and/or otherwise controlled property, buildings, premises, including parking lots and parking spaces at its premises at 100 First Avenue, Waltham, Middlesex County, Massachusetts 02451, hereinafter may be referred to as the "defendant's premises" or "The Home Depot premises."

4. On September 14, 2017, the plaintiff, Linda Soave, was lawfully upon The Home Depot's premises in Waltham, MA.

5. On September 14, 2017, the plaintiff, Linda Soave, tripped and fell in the parking lot upon The Home Depot's premises in Waltham, MA.

6. On September 14, 2017, as a result of tripping and falling upon The Home Depot's premises the plaintiff, Linda Soave, suffered injuries.

7. On or about September 14, 2017, the plaintiff, Linda Soave, reported to The Home Depot, that she tripped and fell in the parking lot and suffered injuries.

8. On or about September 14, 2017, a The Home Depot's employee, Joe Bougie, believed to be the Assistant Store Manager, observed the site of the plaintiff, Linda Soave's alleged fall.

9. On or about September 14, 2017, The Home Depot's employee, Joe Bougie, believed to be the Assistant Store Manager, observed the plaintiff, Linda Soave's injuries.

10. On or after September 14, 2017, The Home Depot has or had video or still photographs of the plaintiff's trip and fall incident and/or the immediate aftermath, and/or the alleged defective and unsafe conditions.

## COUNT I – NEGLIGENCE
### Linda Soave v. Home Depot USA, Inc.

11. The plaintiff restates the allegations set forth in paragraphs 1 through 10, as if expressly set forth and rewritten herein, and further states:

12. On September 14, 2017, The Home Depot, was responsible for providing reasonably safe premises for its customers, including the plaintiff, and for the community lawfully upon its premises.

13. On September 14, 2017, The Home Depot had a duty of reasonable care under the circumstances to protect its customers, including the plaintiff, and the community lawfully upon its premises from reasonably foreseeable dangers.

14. On September 14, 2017, The Home Depot owed a duty of reasonable care under the circumstances to inspect its premises including its parking areas upon its premises.

15. On September 14, 2017, The Home Depot owed a duty of reasonable care to maintain its premises including its parking areas upon its premises.

16. On September 14, 2017, The Home Depot owed a duty of reasonable care to repair its premises including its parking areas upon its premises.

17. On September 14, 2017, The Home Depot, owed a duty of reasonable care to remove hazards and unsafe conditions that it knew, or in the exercise of reasonable care, from its premises.

18. On September 14, 2017, The Home Depot owed a duty to warn its customers and the community lawfully upon its premises of unsafe and/or defective conditions upon its premises.
19. On September 14, 2017, The Home Depot had a duty to maintain its premises including the parking areas in a reasonably safe manner such as to prevent substances, believed to be cement, from accumulating and creating a hazard for the community including the plaintiff.
20. On September 14, 2017, The Home Depot breached its duty of reasonable care to the community and to the plaintiff.
21. As a result of The Home Depot's breach of its owed duty of reasonable care to the community and to the plaintiff, Linda Soave suffered injuries and damages.
22. The defendant's premises were not reasonably inspected by agents, servants and/or employees of The Home Depot.
23. The defendant's premises were not reasonably maintained by agents, servants and/or employees of The Home Depot.
24. The defendant's premises were not reasonably repaired by agents, servants and/or employees of The Home Depot.
25. On September 14, 2017, The Home Depot's premises at 100 First Avenue, Waltham, Massachusetts were unsafe and/or defective.
26. The Home Depot was negligent in that its agents, servants and/or employees caused and/or permitted a hazard to accumulate and cause the plaintiff injuries and damages.
27. The Home Depot was negligent in that its agents, servants and/or employees failed to use due care inspecting its premises.
28. The Home Depot was negligent in that its agents, servants and/or employees failed to use due care maintaining its premises.
29. The Home Depot was negligent in that its agents, servants and/or employees failed to use due care repairing its premises.
30. The injuries and damages suffered by the plaintiff, Linda Soave, would not have occurred had The Home Depot provided its premises to the community including the plaintiff in a reasonably safe condition.
31. The injuries and damages suffered by the plaintiff, Linda Soave, would not have occurred had The Home Depot not been negligent, as set forth above.

32. The plaintiff states that an incident of the type complained of in this Complaint does not occur in the absence of negligence by said defendant.

33. As a direct and proximate result of the defendant, Home Depot USA, Inc.'s negligence the plaintiff, Linda Soave, suffered numerous injuries and losses. These damages include, but are not limited to: a head trauma including post-concussion syndrome and occipital neuralgia/migraine headaches; a non-displaced nasal fracture with nasal bridge abrasion and swelling; facial laceration and bruising; and a left knee abrasion and wound with granulation tissue. The plaintiff also suffered an aggravation of pre-existing cervical and lumbar conditions. These injuries necessitate extensive and prolonged medical treatment from numerous providers, including but not limited to: Urgent Care, Emergency Physicians, hospitals, primary care physicians, diagnostic tests, occipital nerve blocks, trigger point injections, spinal epidural steroid injections, botox injections, lumbar facet blocks, cervical and lumbar radio-frequency ablation, chiropractic and pain management care. It is expected that the plaintiff will undergo future revision surgery for her nasal scar and deformity. To date, the plaintiff has incurred medical expenses estimated at greater than one hundred seventy-five thousand dollars ($175,000.00). The plaintiff's emotional and psychological trauma and medical care is ongoing; she is expected to incur additional medical expenses including those for rhinoplasty. Moreover, the plaintiff's injuries rendered her disabled for a period of time; she also sustained a diminution or impairment of earning capacity not yet calculated. Finally, the plaintiff has suffered physical pain and emotional distress - and continues to suffer residual damages and the plaintiff suffers from chronic and residual impairments including facial scarring and deformity.

WHEREFORE the plaintiff, Linda Soave, demands judgment and damages against the defendant, Home Depot USA, Inc., plus interest and costs.

## COUNT II- FAILURE TO WARN
### Linda Soave v. Home Depot USA, Inc.

34. Plaintiff restates the allegations set forth in paragraphs 1 through 33, as if expressly set forth and rewritten herein, and further states:

35. The defendant The Home Depot owed the plaintiff a duty of care to warn of unsafe and dangerous conditions that are not obvious and could foreseeably cause injuries on its premises.

36. On September 14, 2017, the defendant The Home Depot failed to warn the community including the plaintiff of unreasonably dangerous and unsafe conditions upon its premises, specifically including a defective and/or unsafe condition in the defendant's parking lot, believed at this time to be dried concrete.

37. As a result of The Home Depot's failure to warn, the plaintiff was injured by aforestated the defective and/or unsafe condition(s) upon the defendant's premises.

38. As a direct and proximate result of the defendant, The Home Depot's failure to warn the plaintiff, Linda Soave, suffered numerous injuries and losses. These damages include, but are not limited to: a head trauma including post-concussion syndrome and occipital neuralgia/migraine headaches; a non-displaced nasal fracture with nasal bridge abrasion and swelling; facial laceration and bruising; and a left knee abrasion and wound with granulation tissue. The plaintiff also suffered an aggravation of pre-existing cervical and lumbar conditions. These injuries necessitate extensive and prolonged medical treatment from numerous providers, including but not limited to: Urgent Care, Emergency Physicians, hospitals, primary care physicians, diagnostic tests, occipital nerve blocks, trigger point injections, spinal epidural steroid injections, botox injections, lumbar facet blocks, cervical and lumbar radio-frequency ablation, chiropractic and pain management care. It is expected that the plaintiff will undergo future revision surgery for her nasal scar and deformity. To date, the plaintiff has incurred medical expenses estimated at greater than one hundred seventy-five thousand dollars ($175,000.00). The plaintiff's emotional and psychological trauma and medical care is ongoing; she is expected to incur additional medical expenses including those for rhinoplasty. Moreover, the plaintiff's injuries rendered her disabled for a period of time; she also sustained a diminution or impairment of earning capacity not yet calculated. Finally, the plaintiff has suffered physical pain and emotional distress - and continues to suffer residual damages, and the plaintiff suffers from chronic and residual impairments including facial scarring and deformity.

   WHEREFORE the plaintiff, Linda Soave, demands judgment and damages against the defendant, Home Depot USA, Inc., plus interest and costs.

### PLAINTIFF DEMANDS A TRIAL BY JURY.

Plaintiff, Linda Soave
By her Attorney,

_____
Scott D. Goldberg, Esq.
B.B.O. #551712
THE LAW FIRM OF SCOTT D. GOLDBERG, P.C.
52 TEMPLE PLACE - 4TH FLOOR
BOSTON, MA 02111
(617) 227-1888
scott@goldberglawfirm.net

Dated: 9/11/2020

4

## Commonwealth of Massachusetts

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081 CV 02206

LINDA SOAVE, PLAINTIFF(S),

V.

HOME DEPOT USA, Inc, DEFENDANT(S)
d/b/a THE HOME DEPOT

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Home Depot USA, Inc. d/b/a The Home Depot (Defendant's name)
100 First Ave. Waltham, MA 02451

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Court, 200 Trade Center Woburn, MA 01801 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Attorney Scott Goldberg The Goldberg Law Firm Constance Place 76 Bedford St. Suite 27 Lexington, MA 02421

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JAN 0 8 2021

CLERK